STATE OF NORTH CAROLINA v. JULIA MAE COLEMAN

No. 7212SC730

(Filed 20 December 1972)

**Abortion § 3; Criminal Law § 162— abortion case — evidence defendant committed prior abortion — failure to object — belated motion to strike**

In a prosecution of defendant for performing an abortion, the trial court did not err in allowing the State's rebuttal witness to testify that defendant had performed an abortion on her in 1968 where defendant failed to object to the questions asked the witness; nor did the court abuse its discretion in denying defendant's motion to strike such testimony made after the witness had been extensively cross-examined by defense counsel.

---

**State v. Coleman**

---

APPEAL by defendant from *Clark, Judge,* 1 June 1972 Session of Superior Court held in CUMBERLAND County for the trial of criminal cases.

Defendant was prosecuted under a bill of indictment charging that " . . . Julia Mae Coleman . . . on or about the 11th day of March, 1972, with force and arms at and in the County aforesaid did unlawfully, wilfully, and feloniously use and employ a certain instrument, to wit: a coat hanger and tube on the body of June Asta Evans with intent thereby to procure the miscarriage of June Asta Evans, known to the said Julia Mae Coleman to be a pregnant woman . . . . "

The State's evidence tended to show that June Asta Evans (June), prosecutrix, was pregnant; that Barbara Jean Melvin (Barbara) procured the defendant to perform an abortion on prosecutrix; that the defendant performed the abortion operation at Barbara's home on Saturday, 11 March 1972; that June paid the defendant $75.00; that June thereafter became ill and was treated by Dr. David Bingham at Womack Army Hospital; and that the personnel at that hospital reported the abortion to the authorities.

The defendant offered the testimony of three witnesses who stated that on Saturday, 11 March 1972, the defendant had been with them most of the day shopping at various stores. The defendant also testified that on Saturday, 11 March 1972, she had been shopping with the three ladies who had testified in her behalf; that she did not perform an abortion on the prosecutrix or any other person; that she did not know how to perform an abortion; that she did not know either the prosecutrix or Barbara; and that she did not go with either the prosecutrix or Barbara to Barbara's house on Saturday, 11 March 1972.

In rebuttal, the State recalled Barbara to the stand, and she testified, *without objection,* that she had first met the defendant in 1968 when she was in high school and that at that time the defendant had performed an abortion upon her body. After cross-examination, defendant moved to strike the testimony concerning the prior abortion, and the court denied the motion.

The jury returned a verdict of guilty as charged, and a judgment of imprisonment for a term of three-to-five years was

entered. Defendant appealed to the Court of Appeals, assigning error.

*Attorney General Morgan and Assistant Attorney General Denson for the State.*

*Assistant Public Defender Kenneth Glusman for defendant appellant.*

MALLARD, Chief Judge.

The only questions argued and attempted to be raised by the defendant on this appeal are whether the trial judge committed error in allowing the State's rebuttal witness, Barbara Jean Melvin, to testify as to an abortion which she said was performed on her by the defendant in 1968 and in refusing to allow the defendant's motion to strike the testimony relating to the 1968 abortion, and in denying the defense motion for mistrial.

The State's rebuttal witness, Barbara Jean Melvin, testified, without objection, that:

"I first recall meeting Mrs. Coleman in 1968. In 1968, I had occasion to become pregnant while still in school. I was a senior at E. E. Smith. I was not married at the time. I was living at home with my mother and sisters and brothers.

At that time I had an abortion. The abortion was performed by Mrs. Coleman."

The rule is that an objection must be made to an improper question without waiting for the answer in order to present the contention that the answer was incompetent. *State v. Jones,* 280 N.C. 322, 185 S.E. 2d 858 (1972) ; *State v. Stepney,* 280 N.C. 306, 185 S.E. 2d 844 (1972) ; *State v. Blackwell,* 276 N.C. 714, 174 S.E. 2d 534 (1970), *cert. denied,* 400 U.S. 946 (1970) ; *State v. Perry,* 275 N.C. 565, 169 S.E. 2d 839 (1969) ; *State v. Williams,* 274 N.C. 328, 163 S.E. 2d 353 (1968) ; *Johnson v. Lamb,* 273 N.C. 701, 161 S.E. 2d 131 (1968) ; *State v. Powell,* 11 N.C. App. 465, 181 S.E. 2d 754 (1971), *cert. denied,* 279 N.C. 396 (1971) ; *State v. Wingard,* 10 N.C. App. 101, 177 S.E. 2d 765 (1970), *appeal dismissed,* 277 N.C. 727 (1971) ; *State v. Barrow,* 6 N.C. App. 475, 170 S.E. 2d 563 (1969) ; 3 Strong, N. C. Index 2d, Criminal Law, § 162. In the case at bar, due to the failure of the defendant to object to the questions asked,

the trial judge did not commit error in allowing the State's rebuttal witness, Barbara Jean Melvin, to testify as to an abortion which she said was performed on her by the defendant in 1968.

After Barbara had testified on direct examination, the defendant cross-examined her as to where, when, and how the 1968 abortion was performed and how she felt while it was being performed. Thereafter the following appears in the record:

> "At this point, defense counsel moved to strike that part of the witness' testimony relating to her having had an abortion at the hands of the defendant in 1968, on the grounds that this was impeachment of a collateral matter and not competent.
>
> Motion denied. Defendant excepts.
>
> EXCEPTION No. 9.
>
> The defendant then moved for a mistrial. Motion denied.
>
> EXCEPTION No. 10."

The rule is that when there is no objection to the question or answer, the allowance of the motion to strike is discretionary with the court unless the evidence is forbidden by statute or results from questions asked by the trial judge or a juror. *State v. Blackwell, supra; State v. Perry, supra; State v. Williams, supra; State v. Powell, supra;* 3 Strong, N. C. Index 2d, Criminal Law, § 162. Moreover, in the case at bar the motion to strike the testimony as to the prior abortion was not made in apt time. It was made after the witness had completed her direct testimony on rebuttal and after she had been extensively cross-examined. A motion to strike, not made in apt time, is also directed to the discretion of the trial judge. In this case we have found no statute forbidding evidence of a prior abortion on the trial of a defendant for performing an abortion. Neither does it appear that the evidence of the 1968 abortion was the result of questions asked by the trial judge or a juror. As was stated in *State v. Blackwell, supra:*

> "It is apparent that defendant's able and experienced trial lawyer chose to waive the right to interpose objection

for the purpose of high-lighting and accentuating his skillful attack by cross-examination on the veracity and credibility of the prosecuting witness' testimony."

We hold that under the circumstances of this case, the trial judge did not abuse his discretion in failing to allow the defendant's motion to strike the evidence relating to the 1968 abortion or in failing to allow the defendant's motion for a mistrial.

In the trial we find no prejudicial error.

No error.

Judges MORRIS and HEDRICK concur.